IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER MERRELL MCBRIDE,  )
                              )
        Petitioner,           )
                              )
    v.                        )    Civil Action No. 2:11cv1010-MHT
                              )              (WO)
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 11) addressing the applicability of the one-year period of limitation in this case pursuant to the provisions contained in 28 U.S.C. § 2255(f).[1]  The government argues that the petitioner's § 2255 motion, which was filed on or about November 18, 2011, is untimely and

---

[1]Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

is therefore due to be dismissed.

This court has attempted, with limited success, to have the petitioner clarify his claims for collateral relief. (*See* Doc. Nos. 2 & 4.) Even after the petitioner has filed two supplements to his § 2255 motion pursuant to this court's orders (*see* Doc. Nos. 3 & 5), it remains somewhat unclear whether he is attacking the revocation of his supervised release and related 18-month sentence or his criminal conviction and 82-month sentence for possession of a firearm by a convicted felon, an offense whose underlying facts led to the revocation of his supervised release. In either case, the government argues, it appears that the petitioner's § 2255 motion is untimely.

The pleadings and court records reflect that the petitioner's supervised release in Criminal Case No. 2:05cr74-WHA was revoked on October 5, 2009, on which date the petitioner was sentenced to 18 months' imprisonment. Judgment in the case was also entered by the district court on October 5, 2009. The petitioner did not appeal from that judgment. By operation of law, then, the judgment became final on October 15, 2009, upon expiration of the time for the petitioner to file an appeal (i.e., 10 days after entry of judgment by the district court).[2] Thus, for purposes of § 2255(f)(1), the petitioner had until October 15, 2010, to file a timely § 2255 motion challenging the revocation judgment and sentence. As noted above, however, the petitioner did not file his § 2255 motion until November 18, 2011. For

---

[2]When the district court's judgment was entered in the petitioner's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

this reason, the government contends that any § 2255 motion challenging the petitioner's supervised-release revocation and sentence is untimely.

Turning to the petitioner's conviction (and 82-month sentence) for being a felon in possession of a firearm in Criminal Case No. 2:09cr172-MHT, the court's records reflect that the district court entered its judgment in that case on July 12, 2010. The petitioner did not appeal from the judgment. Therefore, the judgment became final 14 days later, on July 16, 2010. For purposes of § 2255(f)(1), the petitioner had until July 16, 2011, to file a timely §2255 motion challenging the conviction and sentence. However, he did not file his § 2255 motion until more than four months after that date, on November 18, 2011.

The petitioner has not set forth facts indicating that the provisions of § 2255(f)(2) - (4) should control the limitation period in a challenge to either his supervised-release revocation or his felon-in-possession conviction. Nor has he come forward with anything to demonstrate that equitable tolling of the one-year limitation period should be applied in his case. It therefore appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255(f) expired before the petitioner filed his § 2255 motion. Accordingly it is

ORDERED that **on or before March 29, 2012**, the petitioner shall show cause why his § 2255 motion should not be dismissed as it was not filed within the applicable one-year limitation period.[3]

---

[3]The court notes that the petitioner also appears to argue that the Bureau of Prisons ("BOP") has not properly calculated his release date. However, the proper method of challenging the BOP's calculation is through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and not through a § 2255 proceeding. The petitioner must also exhaust available administrative remedies in
(continued...)

Done this 8th day of March, 2012.


_____/s/ Susan Russ Walker_____
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
challenging the BOP's calculation.